NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2016
Decided November 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1752

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:10-cr-00006-005 |
| ANTOINE C. ALLEN, *Defendant-Appellant.* | Tanya Walton Pratt, *Judge.* |

**ORDER**

Antoine Allen entered a conditional guilty plea to conspiring to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), preserving for this direct appeal his challenge to the denial of a motion asserting that the 40-month delay between his indictment and initial appearance violated his Sixth Amendment right to a speedy trial and thus the indictment should be dismissed. But Allen sat on his hands instead of promptly asserting his right to a speedy trial and suffered no obvious prejudice from the delay. Thus, we affirm the district court's ruling on the motion to dismiss.

From July 2008 until he was indicted in the Southern District of Indiana in mid-September 2010, Allen was part of a conspiracy that distributed powder and crack cocaine in southern Indiana and northern Kentucky. He was in a county jail in Kentucky when the indictment was returned, and not until February 4, 2014, did he first appear on the federal indictment in New Albany, Indiana. Allen had been sentenced to work release on an Indiana conviction for robbery, but in early 2010 he absconded to Kentucky. In Kentucky he robbed two victims and shot another with a stolen gun. He was arrested in July or August 2010 and charged by Jefferson County authorities with, first, robbery and, later, a number of other crimes including assault. Indiana authorities also charged Allen with absconding from work release.

Allen was detained in the Jefferson County jail in Kentucky until May 2012. Federal authorities apparently did nothing to secure his presence in the Southern District of Indiana until September 2011—a year after indictment. At that time, according to what government counsel told the district court, the U.S. Marshals Service lodged a "detainer" with jailers in Jefferson County by telephoning the jail and asking to be notified after Allen was sentenced on the Kentucky charges. Allen was convicted on all of the Kentucky charges by March 1, 2012, and sentenced to a total of 10 years' imprisonment. He was paroled on February 1, 2016.

Whether Jefferson County authorities notified the Marshals Service after Allen's sentencing is not disclosed in the record. What is clear, however, is that Kentucky temporarily released Allen to the custody of Indiana from May 2012 until January 2014. According to what government counsel told the district court, Allen had "filed an interstate detainer to … be brought to Indiana to appear for the Clark County cases." Allen pleaded guilty and was sentenced to 18 months for failing to return to lawful detention.

Meanwhile, although the federal courthouse in New Albany is within 10 miles of the county jails in both Jefferson County, Kentucky, and Clark County, Indiana, federal prosecutors still did not take any further steps to secure Allen's presence until January 2013 when the government filed the first of three petitions for a writ of habeas corpus ad prosequendum. A magistrate judge granted the first of those petitions on January 24, 2013, and a writ was issued commanding the Marshals Service to bring Allen to federal court from the jail in Clark County. But the Marshals Service did not execute this writ because, according to government counsel, it was "trumped" by Allen's "interstate detainer from Kentucky to Clark County." The government asked for a second writ in October 2013 but listed the wrong jail on the paperwork, prompting the

magistrate judge to deny the petition as "moot." Then on January 29, 2014, the same day that Allen was returned from Clark County, Indiana, to Kentucky authorities, the government asked for a writ that directed the Marshals Service to pick up Allen in Kentucky. This writ was executed, and Allen appeared before the district court and was appointed counsel on February 4, 2014, more than 40 months after his indictment.

Allen did not move to dismiss the indictment, however, until after obtaining five continuances that prolonged the federal prosecution for another 17 months. In his motion he contended that the 40-month stretch between his September 2010 indictment and February 2014 initial appearance had violated his right to a speedy trial under the Sixth Amendment. Allen detailed how the charges against his many coconspirators had proceeded without him and how the government had delayed in procuring his presence before the district court. Even after the government first had obtained a writ of habeas corpus ad prosequendum, he recounted, it had taken more than a year to get him to federal court in New Albany. As a result, Allen asserted, he had lost leverage in plea negotiations (because he could not cooperate against his codefendants) and his federal sentence could not run fully concurrent with his state sentences.

In rejecting Allen's constitutional claim, the district court acknowledged that the length of the delay was enough to trigger analysis under the four-factor test of *Barker v. Wingo*, 407 U.S. 514 (1972). But despite the length of the delay, the court reasoned, the other three factors—the reasons for that delay, whether the defendant had asserted his right to a speedy trial, and whether his defense was prejudiced because of the delay—all weighed against Allen. Allen's criminal conduct caused the delay, the court reasoned, and the time required to resolve his state charges should not count against the government. And, the court added, Allen had failed to assert his right to a speedy trial. As to prejudice, the district court observed that Allen had been offered a lenient plea agreement allowing him to benefit from cooperating.

Allen subsequently accepted a plea agreement calling for a specific sentence of 120 months, *see* FED. R. CRIM. P. 11(c)(1)(C). A challenge to the denial of his motion to dismiss is the only appellate claim not waived by Allen's plea agreement. On appeal he presses his Sixth Amendment claim and renews his contentions that the delay prevented him from negotiating a favorable plea agreement and also thwarted his opportunity to receive a federal sentence running fully concurrent with the state terms.

Four factors govern the Sixth Amendment analysis: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy

trial, and (4) whether the defendant suffered prejudice to his defense. *Barker*, 407 U.S. at 530–32. Allen challenges the district court's application of each factor.

The first factor is a trigger; without a "presumptively prejudicial" delay, courts will not inquire into the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). The parties agree that the length of delay was greater than one year, and thus was presumptively prejudicial. *See United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009).

As to why there was delay, different reasons carry different weights. *United States v. Loud Hawk* 474 U.S. 302, 315 (1986). An intentional attempt to impair the defense weighs heavily against the government, but a more benign reason, such as government negligence, weighs less heavily against the government. *Doggett*, 505 U.S. at 656–57. Government negligence "compounds over time as the presumption of evidentiary prejudice grows," and thus "toleration of such negligence varies inversely with its protractedness." *Id*. at 657. At oral argument, however, Allen conceded that the delay was attributable to him because he was facing criminal charges in Kentucky and Indiana.

The third factor—whether Allen demanded a speedy trial—weighs heavily against him. "[J]ust as we give significant weight to the defendant's assertion of the right, a failure to assert it 'will make it difficult for a defendant to prove that he was denied a speedy trial.'" *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007) (quoting *Barker*, 407 U.S. at 532). Allen concedes that early on he knew about the federal indictment but did not assert his right to a speedy trial before moving for dismissal. And that motion to dismiss did not come until 17 months after his initial appearance.

Allen's appellate counsel argues that the defendant's silence should not be counted against him because he was unaware that the case against his codefendants was moving forward and might not have felt compelled to assert his right to a speedy trial. The prospect that Allen was aware of the federal indictment but wholly oblivious to the proceedings against his codefendants is, at the very least, improbable. And as the government contends, this factor still weighs against Allen because he failed to assert his right to a speedy trial even *after* appearing in the district court.

The final factor is whether Allen suffered prejudice because of the delay. Courts examine three kinds of prejudice: (1) "'oppressive pretrial incarceration,'" (2) "'anxiety and concern of the accused,'" and (3) the prospect that the accused's "'defense will be

impaired' by diming memories and loss of exculpatory evidence." *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. at 532). The last of these is the most significant, *id.*, while the possibility that a defendant might receive a sentence at least partially concurrent with another sentence is a form of prejudice to consider under the first prong of potential prejudice, *Smith v. Hooey*, 393 U.S. 374, 378 (1969).

Allen argues that his defense was impaired because he lost leverage in negotiating his plea agreement. He also contends that losing the ability to serve partially concurrent sentences constitutes substantial prejudice. But there is no right to negotiate a plea deal. *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012). And at any rate, even though the cases against his many other codefendants already had been resolved, the government still entered into a cooperation agreement with Allen. Moreover, although it is possible that Kentucky or Indiana might have run their sentences concurrently with Allen's federal sentence if the federal case had proceeded to judgment first, that possibility is speculative. And while Allen complains that his federal sentence could not run concurrently with his completed state sentences, he fails to mention that the government agreed to, and the district court approved, a specific sentence of 10 years' imprisonment, nearly *6 years* below the low end of the guidelines range of 188 to 235 months. Allen apparently assumes that, if he had been brought to federal court sooner, he would have received this same favorable deal *plus* a concurrent sentence, but he has not shown that assumption to be anything more than wishful thinking.

On balance, the *Barker* factors do not weigh sufficiently in Allen's favor because he conceded that the delay was attributable to him, he did not assert his right to a speedy trial, and he has not persuasively argued that he was prejudiced by the delay.

AFFIRMED.